IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| v. | ) Case No.: 24CR0059-JMC |
| **ROBERT COLELLO,** | ) Hon. Gia M. Cobb<br>) Sentencing Date: June 21, 2024<br>)              at 2:00 pm (ZOOM/VTC) |
| **Defendant.** | ) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant ROBERT COLELLO by and through his counsel of record, Marc B. Geller, A.P.C., hereby files the defendant's sentencing memorandum in the above-captioned manner. For reasons discussed below, Mr. ROBERT COLELLO respectfully submits that a sentence of 12 months probation is sufficient but not greater than necessary to achieve the purpose of sentencing. It is respectfully submitted that this sentence would most accurately address the concerns of 18 U.S.C. §3553.

I. STATEMENT OF THE CASE

On January 21, 2024, an Information was filed charging 4 counts: Count One, alleged defendant ROBERT COLELLO knowingly entered and remained in a restricted building and otherwise restricted area within the United States Capitol where the Vice President would be visiting, without lawful authority to do so, in violation of 18 U.S.C §1375(a)(1); Count Two, alleged defendant ROBERT COLELLO with intent to impede and disrupt the orderly conduct of government business and official functions engaged in disorderly and destructive contact in the United States Capitol and its grounds where the Vice President would be speaking, in violation

of 18 U.S.C. §1752(a)(2); Count Three alleged that defendant ROBERT COLELLO did engage in disorderly and destructive conduct within the United States Capitol grounds and Capitol building with intent to impede, disrupt and disturb the orderly conduct of a session of Congress, in violation of 40 U.S.C. §5104(e)(2)(D); Count Four alleged that defendant willfully and knowingly paraded and demonstrated in the United States Capitol building in violation of 40 U.S.C. §5104(e)(2)(G). On February 6, 2024, Marc B. Geller, entered an appearance as counsel of record. On February 14, 2024, ROBERT COLELLO was arraigned on the Information and entered pleas of guilty to Counts Three and Four of the Information. The defendant was released on a personal appearance bond. On the same date, a Statement of Offense was filed as well as a Waiver of Trial by Jury. On May 14, 2024, a Presentence Report was filed. Sentencing is currently scheduled for June 21, 2024.

## II.     PROLOGUE TO JANUARY 6, 2021

Shortly after Christmas, 2020, ROBERT COLELLO was watching the sunset at the beach in Carlsbad, California. He noticed a high school friend, Joshua Youngerman who was also watching the sunset. Mr. Youngerman approached Mr. COLELLO and told him that he was part of a group called "Blacks for Trump.", and a rally was planned at the Capitol on January 6, 2021. Youngerman further informed Mr. COLELLO that an individual was sponsoring people to attend the rally which included airfare. Mr. COLELLO had not been to Washington, D.C. since he was a child, and thought it would be fun to attend the event and visit the museums on the mall.

Youngerman contacted Mr. COLELLO the following week to inform him that the flight Youngerman was traveling on was full and that he would obtain a plane ticket for Mr. COLELLO to fly out of LAX, in Los Angeles, California.

//

### III. STATEMENT OF THE FACTS AND OFFENCE CONDUCT

On January 5, 2021, Mr. COLELLO traveled to Washington, D.C., and met Youngerman at Union Station. Youngerman and Mr. COLELLO took an Uber to a hotel where they spent the night. Youngerman asked Mr. COLELLO to join him on the following day at the rally at the Ellipse.

On January 6, 2021, Mr. COLELLO and Mr. Youngerman walked to the rally and stood approximately 5 barricades behind the main stage, or approximately 150 yards from where Trump was speaking. Trump told the crowd to walk to the Capitol. Both of these young men joined the group as they walked to the capitol. Mr. Colello became aware of a great deal of chaos and was shocked when he saw people breaking windows, pushing each other, yelling and screaming. Both Mr. COLELLO and Youngerman began walking upstairs. Both young men walked through the doors and then walked upstairs to the west Rotunda. After approximately 6 minutes, he noticed some tear gas. Mr. COLELLO immediately attempted to exit the building and subsequently returned to the hotel. Mr. COLELLO did not know where Youngerman went and did not hear from him until the following day.

### IV. THE INDIVIDUAL BEFORE THE COURT

ROBERT COLELLO is a 23-year-old American Citizen. He is currently single and resides in Los Angeles. He has no criminal history whatsoever. He has 3 siblings who reside with his parents in Escondido, California.

Mr. COLELLO is a high school graduate having attended Classical Academy in Escondido. He struggled, in high school, as a result of this dyslexia; however, he graduated with a 3.8 average. He is a strong athlete and has excelled in soccer. He is not married and has never fathered any children.

In his junior year in high school, Mr. COLELLO lost his best friend as a result of a brain aneurysm. This traumatic event caused him to initially experiment with marijuana. The same year, he impregnated the girl he was dating who suffered an early-term miscarriage. He began smoking marijuana on a daily basis which caused him to lose opportunities he was presented with to play soccer at Lynn University, California Polytech University, and the University of California at Davis. His marijuana use resulted in a great deal of fear and anxiety. Following his graduation from high school, he began working in Rancho Bernardo Inn, in Rancho Bernardo, San Diego County, California.

In January 2021, Mr. COLELLO was addicted to marijuana, smoking it daily. As is contained in the Presentence Report, initially he hid his marijuana use from his parents. When his parents learned of this addiction, they asked him to move out of the family home. His chronic marijuana use, in 2020 led to the events that took place beginning at Christmas, 2020 set forth herein.

In November 2021 Mr. COLELLO enrolled in the Teen Challenge Ministry Institute in Los Angeles, California. In April 2023, he graduated from the Teen Challenge Ministry Institute and received a certification to be a pastor. Currently, he counsels high school troubled youth and regularly travels throughout southern California in the course of his employment. He has committed to this line of work through 2026.

Prior to entering the Teen Challenge Ministry Institute, Mr. COLELLO's parents enrolled him in an inpatient drug treatment program for his chronic marijuana use. He successfully completed the program and regularly counsels youth groups about drug addiction.

//

//

## V. THE ADVISORY SENTENCING RANGE

The applicable sentencing statutes provide that a sentencing court "shall impose a sentence sufficient, but not greater than necessary to accomplish the objectives of sentencing." 18 U.S.C. §3553(a), §3582(a), and §3661. In arriving at the appropriate sentence, section 3553(a) directs sentencing courts to consider: (1)the nature and circumstances of the offense; (2) the history and characteristics of the offender; (3) the need to impose a sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishments for the offense; (4) the need to impose adequate deterrence; (5) to protect the public from further crimes; (6) and the need to avoid unwarranted sentencing disparities, among other things. 18 U.S.C. §3553.

### A. THE NATURE AND CIRCUMSTANCES OF THIS OFFENSE

Mr. COLELLO acknowledges that the insurrection at the Capitol, on January 6, 2021, was serious. However, his involvement was limited to illegally entering the grounds of the Capitol and subsequently the Capitol when it was closed, and with others present, interrupted, and delayed the certification of the vote count of the electoral college of the 2020 presidential election. He also acknowledges that he was influenced, at that time, by his chronic marijuana use. Mr. COLELLO did not go to Washington, D.C. to demonstrate or to try to prevent the certification of the election. Retrospectively, he believes he was young, and was using a great deal of marijuana which clouded his judgment. He was looking for a free trip to Washington, D.C. Today he is sorry he traveled with Youngerman to Washington, D.C.

//

//

//

**B. IMPOSITION OF A SENTENCE THAT IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSE OF 18 U.S.C. § 3553(a)**

1. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:**

ROBERT COLELLO looks back on the events of January 6, 2021, with regret. He expresses remorse for his actions. After he arrived in Washington, he planned to attend the rally on January 6th; however, he had no idea that the rally that was planned would turn into a melee to be witnessed by the world. When he entered the Capitol, he only planned to photograph other attendees and possibly former President Trump, if he was able to see him inside of the Capitol. He found himself being swept along and is regretful for his conduct. Nonetheless, he accepts responsibility for his actions. He feels sadness and is frightened about what could happen at sentencing. He is truly ashamed of his actions.

2. **The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant:**

Mr. COLELLO was debriefed at the Federal Bureau of Investigation office in San Diego. He answered all questions posed by the agents and Assistant United States Attorney. Mr. COLELLO's background displays an individual who has been law-abiding his entire life. He has a great deal of support from his family and the Teen Challenge Ministry Institute. It is respectfully submitted that a custodial sentence is unnecessary to deter Mr. COLELLO from future criminal conduct; nor is it necessary for public protection.

3. **The kinds of sentences available**

Pursuant to 18 U.S.C. §19 and §3583(b)(3), the offenses of conviction each meet the definition of a "petty offense," consequently, a term of supervised release is not applicable. The United States Sentencing Guidelines do not apply. The probation officer researched available programs within the Bureau of Prisons; however, a custodial sentence is unnecessary.

4. **The kinds of sentences available and The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:**

Congress's goal in enacting §3553 was to promote national uniformity in sentencing. 18 U.S.C. §3553(a)(6) directs the sentencing court to consider the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct. It is respectfully submitted that individuals like Mr. COLELLO, who were illegally inside the Capitol on January 6th, but did not damage property, or encourage others to engage in any type of illegal activity, received non-custodial sentences.

VI. **CONCLUSION**

The defense concurs with the probation department that a probationary sentence is sufficient but not greater than necessary to accomplish the purposes and factors set forth in 18 U.S.C. §3553(a). Therefore, it is respectfully submitted that a sentence of probation for 12 months with the conditions of supervision recommended in a presentence report, including 50 hours of community service and $500.00 towards restitution is fair, just, and reasonable. Additionally, it will provide just punishment for the offense, and is adequate for general deterrence and to protect the public from further crimes of the defendant.

DATED: June 7, 2024

Respectfully submitted,
*/s/ Marc B. Geller*
MARC B. GELLER
Attorney for Defendant
**ROBERT COLELLO**